**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chuck and Ann Fina Family Revocable Trust Dated August 30, 1996,<br><br>Plaintiff,<br><br>v.<br><br>Thomas G Boyle, Sr, et al.,<br><br>Defendants. | No. CV-25-00273-TUC-JCH<br><br>**ORDER** |

On June 5, 2025, Defendant Thomas G. Boyle, Sr, ("Defendant") filed a notice of "Federal Removal and Emergency Injunction" (Doc. 1) and Motion for Temporary Restraining Order (Doc. 3). For the following reasons, the Court will remand this action to Pima County Superior Court and deny as moot the accompanying Motion for Temporary Restraining Order.

## I.     Background

Plaintiff, Chuck and Ann Fina Family Revocable Trust Dated August 30, 1996, initiated this action in state court to quiet title over real property located in Pima County, Arizona. Doc. 1 at 17–20. Defendant removed the matter to federal court and requests the Court issue a temporary restraining order, a preliminary injunction, refer the matter to the U.S. Attorney for criminal charges, and compensate Defendant for legal expenses and "constitutional violations over twenty-three years." *Id.* at 10–11. Defendant alleges this Court has federal question jurisdiction over the action because it involves "federal patent rights protected under 43 U.S.C. § 945; [and] civil rights violations under 42 U.S.C. §

1  1983." *Id.* at 3–5.

2  **II.    Federal Question Jurisdiction**

3  Under the federal removal statute, 28 U.S.C. § 1441, a defendant may remove "any

4  civil action brought in a State court of which the district courts . . . have original

5  jurisdiction." Courts "strictly construe the removal statute against removal jurisdiction."

6  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The "strong presumption against

7  removal jurisdiction means that the defendant always has the burden of establishing that

8  removal is proper, and that the court resolves all ambiguity in favor of remand to state

9  court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

10  Defendant fails to establish that removal is proper here because the underlying

11  action—to quiet title over real property—is a matter of state law. Federal courts have

12  original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties

13  of the United States." 28 U.S.C. § 1331. To determine whether an action arises under

14  federal law, a court applies the "well-pleaded complaint rule." *Moore-Thomas v. Alaska*

15  *Airlines, Inc.*, 553 F.3d 1241, 1243 (9th Cir. 2009). "Under this rule, a claim arises under

16  federal law 'only when a federal question is presented on the face of the plaintiff's properly

17  pleaded complaint.'" *Id.* (quoting *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir.

18  2005)). The Complaint here does not present a federal question and, as a result, does not

19  give rise to federal question jurisdiction. *See generally* Doc. 1 at 17–20.

20  Neither can Defendant invoke federal question jurisdiction by implicating federal

21  statutes in his notice of removal. "The federal question 'must be disclosed upon the face of

22  the complaint, unaided by the answer or by the petition for removal.'" *Takeda v. Nw. Nat.*

23  *Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985) (quoting *Gully v. First Nat'l Bank*, 299

24  U.S. 109, 113 (1936)). Defendant cannot remove the state action based on asserted claims

25  or defenses that purportedly raise questions of federal law. *See, e.g.*, *Saldana v. Glenhaven*

26  *Healthcare LLC*, 27 F.4th 679, 688 (9th Cir. 2022) ("[A] federal defense is not a sufficient

27  basis to find embedded federal question jurisdiction.").

28  Defendant argues federal jurisdiction is proper because the subject property

1   involves federal patent rights protected under 43 U.S.C. § 945. Doc. 1 at 5. Defendant

2   alleges the federal government owns the property and Defendant is "merely the title holder

3   attempting to preserve federal property interests." *Id.* at 7. The Canal Act of 1890,

4   43 U.S.C. § 945, permits the federal government to create an easement across land in the

5   western United States for the construction of irrigation canals and ditches. *See Barnaud v.*

6   *Belle Fourche Irrigation Dist.*, 609 N.W.2d 779, 780 (S.D. 2000). Nothing in the pleadings

7   indicates the subject property is encumbered by such an easement. Further, federal interests

8   under the Canal Act are protected by statute, not by the stewardship of private individuals.

9       Defendant provides no authority to support the remaining claims for federal

10   question jurisdiction: "constitutional protection duty," "veteran protection mandate," and

11   "criminal conspiracy jurisdiction." These jurisdictional bases are either nonexistent or

12   implausibly pleaded, and thus insufficient to invoke federal question jurisdiction over the

13   underlying complaint. Jurisdiction under 42 U.S.C. § 1983 is also unavailable here because

14   Defendant does not demonstrate that Plaintiff is a government entity or acting under color

15   of law.

16       Accordingly, the Court does not have jurisdiction to decide the Motion for

17   Temporary Restraining Order. Further, under 28 U.S.C. § 2283, "[a] court of the United

18   States may not grant an injunction to stay proceedings in a State court except as expressly

19   authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect

20   or effectuate its judgments." None of these circumstances apply here.

21   **III.    Remand**

22       "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins.*

23   *Co. of Am.*, 511 U.S. 375, 377 (1994). A court must examine its own subject matter

24   jurisdiction and may remand a case summarily if there is an obvious jurisdictional issue.

25   *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Scholastic Ent., Inc. v. Fox Ent. Grp.,*

26   *Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an

27   opportunity to respond when a court contemplates dismissing a claim on the merits, it is

28   not so when the dismissal is for lack of subject matter jurisdiction.") (internal citations

omitted). Here, the Court lacks federal question jurisdiction over this matter and Defendant has not plausibly pleaded any other mechanism for federal jurisdiction. Accordingly, the Court will remand the case, dismiss this action, and deny all related requests as moot.

**IV.    ORDER**

**IT IS ORDERED remanding** Pima County Case No. C2025-3183 to the Pima County Superior Court and **dismissing** this matter.

**IT IS FURTHER ORDERED denying as moot** Defendant's Motion for Temporary Restraining Order (Doc. 3).

Dated this 6th day of June, 2025.

John C. Hinderaker
United States District Judge