**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chuck and Ann Fina Family Revocable Trust Dated August 30, 1996,<br><br>Plaintiff,<br><br>v.<br><br>Thomas G Boyle, Sr, et al.,<br><br>Defendants. | No. CV-25-00273-TUC-JCH<br><br>**ORDER** |

On June 5, 2025, Defendant Thomas Boyle Sr. removed this action from Pima County Superior Court to the United States District Court for the District of Arizona. Doc. 1. The Court remanded this case to Pima County Superior Court because the underlying complaint is an action to quiet title, which is a state court issue. Doc. 10. Before the Court is Defendant's Motion for Reconsideration Under Federal Rule 59(e). Doc. 11.

A motion for reconsideration must be denied absent "highly unusual circumstances," such as (1) "newly discovered evidence," (2) "clear error," or (3) "an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); *see also* LRCiv. 7.2(g).

Defendant alleges the Court committed clear error because jurisdiction is mandatory over this action under 43 U.S.C. § 945. Doc. 11 at 2. A court commits clear error by applying an "erroneous view of law." *Faile v. Upjohn Co.*, 988 F.2d 985, 987 (9th Cir 1993). The underlying complaint here is for an action to quiet title to property,

which arises under state law, A.R.S. § 12-1101. Defendant provides no authority that "federal patent rights" are a basis for exclusive federal jurisdiction under these circumstances.[1] Indeed, the United States Supreme Court, the Ninth Circuit, and other lower courts have "repeatedly reaffirmed" that federal land patents do not confer federal question jurisdiction. *Virgin v. County of San Luis Obispo*, 201 F.3d 1141, 1143 (9th Cir. 2000). The Court committed no error in finding it lacks jurisdiction and remanding the matter to Pima County Superior Court.

Defendant also makes several new arguments and provides "newly discovered evidence" in service of his claim for jurisdiction under 43 U.S.C. § 945. But a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Defendant gives no explanation for why these new arguments and "newly discovered" evidence could not have been raised earlier. *See* LRCiv. 7.2(g)(1). Further, the arguments and evidence are largely offered in support of Defendant's jurisdiction argument, which the Court, as above, finds unpersuasive.

Accordingly,

**IT IS ORDERED denying** Defendant's Motion for Reconsideration (Doc. 11).

Dated this 17th day of June, 2025.

John C. Hinderaker
United States District Judge

---

[1] Defendant misconstrues the significance of "Supplemental Exhibit A," in which he claims the Ohio Supreme Court purportedly gave "judicial recognition of constitutional land patent defenses." Doc. 11-1 at 5–19. Supplemental Exhibit A is merely a pleading by another pro se litigant similarly attempting to assert this defense—which the Ohio Supreme Court ultimately denied. *See Atlantica, LLC v. Salahuddin*, 253 N.E.3d 143 (Ohio Feb. 26, 2025).